UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff, | ) | CASE NO.1:05CR519-008 |
| | ) | |
| -vs- | ) | |
| | ) | |
| ANTUAN COLLINS, | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION OF |
| | ) | MAGISTRATE JUDGE |
| Defendant. | ) | |

The above matter was referred to Kenneth S. McHargh, U.S. Magistrate Judge, to schedule and conduct a hearing on the Supervised Release Violations report filed May 19, 2009 and electronically file proposed findings and recommendations as to Defendant Antuan Collins.

The Supervised Release Violation report alleges the Defendant violated the terms of Supervised Release by:

- Unauthorized Use of Cocaine;
- Failure to Attend Aftercare; and
- Failure to Pay Restitution.

A hearing was held on June 2, 2009 and Probation Officer Tom Shepherd testified as a witness for the Government.

Magistrate Judge McHargh found that sufficient evidence exists to support a conclusion the Defendant violated the terms of his Supervised Release by:

- Submitting a urine sample which tested positive for cocaine on April 3, 2009;
- Failing to attend drug aftercare in March 2009; and

- Failing to pay restitution.

Magistrate Judge McHargh recommends, pursuant to 18 U.S.C.§ 3583(2), that the Defendant's conditions of Supervised Release be modified to add the following:

- **Mental Health Treatment**

    The Defendant shall participate in an outpatient mental health treatment program as directed by the Probation Officer.

- **Drug Treatment**

    The Defendant shall continue outpatient drug aftercare treatment at an intensified level as directed by the Probation Department.

- **Location Monitoring Program**

    The Defendant shall participate in the Location Monitoring Program for a period of (6) months to commence no later than 30 calendar days from the date of this hearing.  The Defendant shall be required to remain in his residence unless given permission in advance by the probation officer to be elsewhere.  The Defendant may leave his residence to attend school, receive medical treatment, and attend religious services.  The Defendant shall consent to be monitored by the form of locations monitoring indicated below and shall abide by all of the requirements established by the pretrial services and probation office related to the use of this location monitoring technology; and submit to random drug/alcohol tests as specified by the pretrial services and probation officer.  The Defendant may participate in the Discretionary Leave under terms set by the pretrial services and Probation Officer.  The Defendant shall pay the costs of participation in the Location Monitoring Program, based on their ability to pay as directed by Pretrial Services and Probation Officer.

    **X**   Location monitoring technology at the discretion of the officer

- **Restitution**

    The Defendant shall make every effort to fulfill the Restitution Order.

- **Other**

    The Defendant shall take reasonable steps, as determined by the Probation Department, to continue his education or pursue employment.  All previous conditions of Supervised Release remain in effect except as specifically modified by this Order.

The Court agrees with the proposed findings and adopts the Report and Recommendation of Magistrate Judge McHargh as to Defendant Antuan Collins. Further, as there are no objections[1] by the Defendant to the Magistrate Judge's findings,

IT IS ORDERED the Defendant will abide by the above modified conditions of Supervised Release.

S/Christopher A. Boyko
Christopher A. Boyko
United States District Court Judge

June 16, 2009

---

[1] Although objections to the Magistrate Judge's Report and Recommendation are due within 10 days of mailing, a conversation had between the Court's deputy and Defense counsel on June 11, 2009 revealed that Defendant Antuan Collins has no objections to the Magistrate Judge's Report and Recommendation.

Case: 1:05-cr-00519-CAB Doc #: 199 Filed: 06/16/09 4 of 4. PageID #: 692